IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § § § |
| | § Criminal No. 3:03-CR-351-D(01) |
| VS. | § § |
| JOSE ANTUNES-AGUIRRE | § § § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Jose Antunes-Aguirre's ("Antunes'") December 19, 2022 emergency motion to request a compassionate release under 18 U.S.C. § 3582(c)(1) is denied.

I

Antunes pleaded guilty to possession with the intent to distribute and the distribution of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2. On May 23, 2007 Judge Solis sentenced him to 300 months' imprisonment to be followed by 5 years of supervised release. On July 10, 2020 Antunes filed an expedited motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which the undersigned denied.[1] Antunes then filed on August 25, 2020 a motion for reconsideration and a second motion for compassionate release under 18 U.S.C. § 3582. The undersigned denied both motions. On December 19, 2022 Antunes filed the instant motion for compassionate release under 18 U.S.C. § 3582(c)(1), which is essentially

---

[1]Judge Solis retired from the court and later died.

his third such motion.²

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.³ When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d

---

²On December 21, 2022 the court entered an order directing the government to file a response to Antunes' motion and permitting Antunes to file a reply to the government's response. The government filed its response on January 17, 2023, and Antunes filed a reply on March 24, 2023. The motion is now ripe for a decision.

³Antunes states that he filed a "request to warden" on November 11, 2022 and that "[t]he Warden has failed to respond in 30-days." D. Mot. 7. He attaches as an exhibit to his motion a copy of what appears to be a request to Warden F. Garza requesting that he file a motion for compassionate release on Antunes' behalf. D. App. 1. Based on Antunes' representations and supporting evidence, the court will assume *arguendo* that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

- 2 -

388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction. In support of his motion, Antunes contends, *inter alia*, that he has been diagnosed with Stage IIIB metastatic prostate cancer that has spread to his seminal vesicles and lymph nodes based on Partin Stating Analysis; that his metastatic Adenocarcinoma prostate cancer falls squarely within the Sentencing Guidelines' definition of terminal illness; that he is also at high risk for complications to COVID-19 due to his metastatic prostate cancer; that the BOP has completely failed to provide any meaningful medical treatment for his prostate cancer and is unlikely to do so based on its continuous refusal to act, and he would be better able to address his serious diagnosis if he was no longer subject to the BOP's delays and instead received treatment at a hospital upon his release; that he also suffers from Insulin Dependent Diabetes Mellitus (and polyneuropathy due to diabetes), asthma, Chronic Obstructive Pulmonary Disease, hypertension, hyperlipidemia, latent tuberculosis, chronic kidney disease, heart failure, and various other ailments which have rendered him particularly vulnerable to serious complications should he contract COVID-19; and that, although he has received the COVID-19 vaccine, uncertainty still surrounds the degree and duration or protection vaccines provide against the virus or its mutations.

In light of the court's decision below that, considering the § 3553(a) factors, Antunes should not be released, it will assume *arguendo* that he has demonstrated extraordinary and

compelling reasons that warrant a sentence reduction. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).[4]

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness

---

[4]The Fifth Circuit recently explained:

> We have said that a late-stage, terminal prognosis can constitute an extraordinary and compelling basis for a § 3582(c)(1) motion. But it is the actuality, not the risk, of terminal illness that makes a prisoner's circumstances extraordinary. We have repeatedly denied relief in cases where prisoners sought compassionate release due to fear of communicable disease, even when those prisoners were in poor health.

*United States v. McMaryion*, ___ F.4th ___ , 2023 WL 2658434, at *2 (5th Cir. Mar. 28, 2023) (citations omitted).

of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]"  "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

Antunes is currently serving a 300-month sentence for intent to distribute and the distribution of a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large.  Antunes' projected release date is February 21, 2028.  If the court grants Antunes' motion, it will be ordering him released almost five years before he would otherwise be eligible.  Not only would Antunes' release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct.  *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Antunes argues that he "is not a danger to the safety of any other person or the community" because he "is a citizen of Mexico with an active Immigration and Customs Enforcement detainer, and upon reduction of his sentence to time served, defendant [will] be released to Immigration and

Customs Enforcement custody for removal to Mexico." D. Mot. 16. But he fails to provide sufficient evidence to support his contention that he would not be a danger to the safety of any other person or the community if released. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, based on Antunes' relevant offense conduct, the undersigned finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that it should not reduce Antunes' sentence under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

V

Antunes contends that he "has served more than 195 months in custody, which is a sentence substantially more than the sentence he would have served if (1) the Court had

applied the guidelines that would have applied, had he not lost his 3-level reduction for acceptance of responsibility; (2) the drug quantity would have been calculated based on the purity of the drugs and not based on the entire weight; or (3) defendant was a United States citizen allowing him to earn early release based on RDAP." D. Mot. 18. The court rejects this argument as a basis for granting compassionate release under § 3582(c)(1). *See United States v. McMaryion*, ___ F.4th ___ , 2023 WL 2658434, at *1-2 (5th Cir. Mar. 28, 2023) (rejecting certain analogous reasons as not cognizable bases for compassionate release under § 3582(c)(1)).

*   *   *

Accordingly, for the reasons explained, the court denies Antunes' December 19, 2022 emergency motion to request a compassionate release under 18 U.S.C. § 3582(c)(1).

**SO ORDERED**.

March 29, 2023.

_Sidney A. Fitzwater_
SIDNEY A. FITZWATER
SENIOR JUDGE