IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> VS. §    No. 3:03-CR-351-D(01) <br> § <br> JOSE ANTUNES-AGUIRRE, § <br> § <br> Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Jose Antunes-Aguirre ("Antunes") moves the court to appoint counsel for him for the purpose of filing a motion to reduce sentence under 18 U.S.C. § 3582(c). For the following reasons, the court denies the motion without prejudice.

I

Antunes pleaded guilty to possession with the intent to distribute and the distribution of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2. On May 23, 2007 Judge Solis[1] sentenced him to 300 months' imprisonment to be followed by 5 years of supervised release. Antunes has previously filed three motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which the undersigned denied.

---

[1]Judge Solis retired from the court and later died.

On October 6, 2023 Antunes filed the instant motion for appointed counsel to assist him in preparing another motion to reduce sentence under 18 U.S.C. § 3582(c)[2] in light of forthcoming criminal history amendments to the Sentencing Guidelines, which are scheduled to apply retroactively beginning February 1, 2024. In the alternative, Antunes asks the court to order the government to show cause why counsel should not be appointed. Antunes has not, however, filed another motion to reduce sentence.

II

"No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 Fed. Appx. 522, 523 (5th Cir. Dec. 28, 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Rodriguez*, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051-52 (5th Cir. 2008)) (appointing counsel on appeal in contested § 3582(c) proceeding). To determine whether the interests of justice require that counsel be appointed, a court must examine the claims presented and determine "whether those claims are either significant,

---

[2] Antunes does not specify whether his potential motion will be a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which allows for a sentence reduction if there are extraordinary and compelling reasons, or under 18 U.S.C. § 3582(c)(2), which allows for a sentence reduction for a defendant who has been sentenced based on a sentencing range that has subsequently been lowered pursuant to 28 U.S.C. § 994(o).

exceptional, complex, or—at the very least—not frivolous." *United States v. Duc Minh Luu*, 2015 WL 1515187, at *2 (N.D. Tex. Apr. 1, 2015) (Horan, J.).

Antunes has not filed a motion to reduce sentence under § 3582(c), only a motion for appointed counsel to assist him in preparing such a motion or for an order directing the government to show cause as to why counsel should not be appointed. Federal courts do not "sit to decide hypothetical issues or give advisory opinions about issues as to which there are not adverse parties before [them]." *Wawak v. Johnson*, 2001 WL 194974, at *1 (N.D. Tex. Feb. 22, 2001) (Sanderson, J.), *rec. adopted* , 2001 WL 290526 (N.D. Tex. Mar. 21, 2001) (Lynn, J.) (quoting *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982)). A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Id.* (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977)).

Because Antunes has not filed a motion to reduce sentence and only seeks appointed counsel to assist him in filing such a motion, there is no claim or adverse party before the court. Therefore, there is no case or controversy, and any opinion as to whether appointment of counsel is appropriate—which would require at least some examination of the claim's merits—would be merely advisory. *See, e.g., United States v. Zepeda*, 2015 WL 11216744, at *2 (C.D. Cal. Oct. 21, 2015) ("Because defendant has not filed another motion to reduce sentence, 'there is no adverse party before the Court,' and thus no active case or controversy between two parties within the meaning of Article III, Section 2. A ruling as to whether it would be appropriate to appoint counsel in connection with a motion that does not exist, would be an advisory opinion.") (citing *Perry v. State of Texas*, 2006 WL 2934287, at *1

(N.D. Tex. Oct. 12, 2006) (Godbey, J.)); *see also United States v. McFarland*, 125 Fed. Appx. 573, 574 (5th Cir. Apr. 6, 2005) (per curiam) ("Before the [§ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'") (citation omitted)*; Heidinger v. Yates*, 2007 WL 1521003, at *1 (N.D. Cal. May 24, 2007) ("As there is no petition, and consequently no case or controversy, presented herein, petitioner's motions for appointment of counsel and for financial assistance are DENIED.").

This order will not prejudice Antunes' right to seek appointed counsel in connection with a properly-filed motion to reduce sentence under § 3582(c) if and when the forthcoming Sentencing Guideline amendments become effective.

\* \* \*

Accordingly, Antunes' October 6, 2023 motion for appointed counsel to assist him in preparing and filing a motion for sentence reduction under 18 U.S.C. § 3582(c), or in the alternative to order the government to show cause why counsel should not be appointed, is denied without prejudice.

**SO ORDERED**.

October 23, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE